UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEIK ASTIN SIMMONS BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 7870 |
| v. | ) | |
| | ) | Formerly Case No. 2025-CH-02818, |
| UNITED STATES OF AMERICA and | ) | Circuit Court of Cook County, Illinois |
| THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION

To:  Mariyana T. Spyropoulos, Clerk      Sheik Astin Simmons Bey
     Circuit Court of Cook County, Illinois   15026 South MLK Drive Suite 2W
     Richard J. Daley Center, Room 1001      Dolton, Illinois 60419
     50 West Washington Street
     Chicago, Illinois 60602

The United States of America, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1442(a), and in support states the following:

1.  Sheik Astin Simmons Bey filed a complaint against the "United States Corporation Company" and the State of Illinois in the Circuit Court of Cook County, Illinois, that appears to allege tortious conduct including "trespass," "conversion," and "genocidal acts," and seeks fifty billion dollars in money damages. The United States was served with process on or about June 24, 2025.

2.  Copies of the summons and complaint brought by Sheik Astin Simmons Bey are attached to this notice as Exhibit A, in accordance with 28 U.S.C. § 1446(a).

3. Pursuant to 28 U.S.C. § 1442(a), any civil action commenced against the United States or a federal agency in a state court may be removed to the district court for the district and division embracing the place where the state court action is pending.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 28 U.S.C. § 1442(a).

    Respectfully submitted,

    ANDREW S. BOUTROS
    United States Attorney

    By: s/ Nigel B. Cooney
        NIGEL B. COONEY
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-1996
        nigel.cooney@usdoj.gov

# Exhibit A

Hearing Date: 5/12/2025 10:00 AM
Location: Court Room 2410
Judge: Sullivan, William B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED
3/11/2025 1:22 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH02818
Calendar, 15
31770304

Sheik'Astin Simmons Bey

PLAINTIFF(s)

V.

United States, State of Illinois
and etc

Case No. 2025CH02818

DEFENDANT(s)

**SUMMONS**

To each DEFENDANT:

The PLAINTIFF(s) named above, has/has filed a complaint against you in this Court for a declaratory injunction. A true and correct copy of the complaint is attached.

**YOU ARE HEREBY SUMMONED** and required to file an appearance and response in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: _____
Name: _____
Atty. for: _____
Address: _____
City: _____
State: _____ Zip: _____
Telephone Email: _____
Primary Email: _____

Witness

3/11/2025 1:22 PM Mariyana T. Spyropoulos

Clerk of Court

Date of Service: _____

Hearing Date: 5/12/2025 10:00 AM
Location: Court Room 2410
Judge: Sullivan, William B

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
3/11/2025 1:22 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH02818
Calendar, 15
31770304

SHEIK ASTIN SIMMONS BEY
Plaintiff,
V.
UNITED STATES CORPORATION COMPANY &
STATE OF ILLINOIS
Defendants,

2025CH02818

FILED DATE: 3/11/2025 1:22 PM  2025CH02818

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff, Sheik Astin Simmons Bey (the "Plaintiff"), on behalf of himself, his family, his ancestors, and the people of the Sultanate of Amexem, brings this complaint seeking declaratory, injunctive, and other relief against Defendants, State of Illinois and United States Corporation Company (the "Defendants") under the penalty of perjury and alleges the following facts to be true and correct to wit:

### Nature of Action

1. This lawsuit is brought pursuant to the Perpetuation of Testimony, Illinois Compiled Statutes Chapter 5 (the "Code") to enforce the provisions of the law for the protection and restitution of rights, resources, and cultural heritage of the Plaintiff and his ancestors and to invoke the equitable powers of the Court under the Act to enter constructive trust for an order of injunction prohibiting further complicity in the unjust enrichment and undue influence of the Plaintiffs ancestors and the return of all ancestral lands, properties, and artifacts to the Plaintiff that were/are unlawfully obtained and retained by the Defendants pursuant to 735 ILCS 5/8-2301.

### Parties

1. **Plaintiff**
a. Sheik Astin Simmons Bey
2. **Defendants**
a. Gov. Jay Robert Pritzker on behalf of the State of Illinois
b. Pres. Donald Trump on behalf of the United States Corporation Company.

### Jurisdiction and Venue

1. The Court has personal and subject matter jurisdiction over the parties and this dispute, in part, pursuant to 765 ILCS 1075/20 and 735 ILCS 5/11-101.
2. Venue is proper in the Circuit Court of Cook County because it is a county in which operates closest proximity to the Plaintiff or some part thereof occurred out of which this cause of action arose.

### Factual Allegations

1. Plaintiff is a member of the Sultanate of Amexem a Theocratic self governing entity also known as an international organization as defined in IOIA or a public agency as that term is defined in 5 ILCS 220/2.
2. Plaintiff is also known as a Native American but Plaintiff generally avoids identifying as the terms Native and/or Indian because it has roots in European subjugation and displacement of the Plaintiffs ancestry and refers to European descendants of the settlers of the thirteen colonies i.e members of the "Know Nothing Party",. a "Person" born on American soil, along with the term Indian referring to a person from India, Asia i.e. an Immigrant.
3. The Plaintiff is Moorish by national descent & American by birthright. I.e. The Moorish American people are a Semitic people with compelling ancestral history and archaeological evidence of ancestral communities inhabiting the Americas dating back to 10,000 years or more.
4. The Defendants, through discriminatory practices, such as the Indian Removal and Racial Integrity Act, arbitrarily reclassified Plaintiffs ancestors as Indians, Negroes, Colored Folks, Black People, People of Color, African American, etc but Plaintiff generally avoids identifying with those terms as they are looked upon as the climax of all misnomers, the boldest of all frauds, and the grossest of all libels against his ancestors and the usage of the words were introduced as antisemitic slurs.
5. The Plaintiffs' ancestors sovereignty in North, South, Central Americas & adjoining islands predates the Defendants' authority.

6. The Plaintiff ancestors never relinquished their sovereignty in North, South, Central Americas & adjoining islands.
7. The Defendants, are structured with individuals from identifiable enemy countries and foreign nations, collectively maintaining unlawful occupation of ancestral lands and property of the Plaintiffs ancestors, asserting authority derived from European doctrines, militarism, expropriation, and foreign occupation.
8. This conduct of unjust enrichment and undue influence against the Plaintiffs ancestors in issue is an ongoing occurrence with the Defendants against the Plaintiff.
9. Sometime between August 1 to October 30, 1492, ancestral lands, properties, and artifacts were unlawfully taken through letters patented, genocidal invasion, and subjugation arranged by the Defendants, resulting in the Plaintiffs' ancestors unconsented reclassification as Indians, and Negroes.
10. On or about July/August 1699 the Defendants unlawfully claimed the Plaintiffs' ancestral lands and established the Commandery of Illinois under the direction of Defendants and French priests to proselytize and oust the Plaintiffs ancestors whom they identified as savages.
11. As a consequence of the War in 1764, the Defendants led to another unconsented reclassification of the Plaintiffs' ancestors' as Coloreds.
12. During the time of 1776 to 1818 Military forces of the Defendants, claimed possession of the Plaintiffs' ancestral lands and properties and incorporated them under the corporate name State of Illinois through the "Enabling Act" of Congress, intending to displace, enslave, murder, and reclassify the Plaintiff's ancestors as black people i.e. chattel property under the "Black Codes".
13. The Defendants' actions constitute a systematic and pervasive pattern of genocide, racial prejudice, discrimination, and religious persecution against the Plaintiffs ancestors in furtherance of European supremacy and the false theory of "white replacement", "Blanqueamiento", or "Purification".
14. The Plaintiff and his family endure lasting mental, spiritual, and financial harm due to the intergenerational effects of genocide perpetrated against their ancestors and ongoing acts targeting their community, all facilitated by the Defendants' complicity.
15. The Defendants erased the ancestral history and seized ancestral lands and property of the Plaintiffs ancestors through State and federal policies and ordinances, such as the Racial Integrity Act and the naturalization process intentionally misclassifying "foreign-born aliens" as "Native Americans".
16. The Defendants hold confidential personnel records which are false in regards to the misclassification of the Plaintiff, his family, and his ancestors as negro, black, colored, or african american along with other chain of title pertaining to land, property, and artifacts in the corporate limits of Illinois and the United States.
17. Defendants collectively knew their records were false and that their acts were intentional and arbitrary misclassification of the Plaintiff, his family, and his ancestors.
18. Defendants are subject to the law and have released and/or disclosed confidential personnel records with misinformation in violation of the Plaintiffs' rights.
19. Defendants' actions involving the subjugation of Plaintiffs' ancestors constitute an ongoing course of conduct that has resulted in a present hostile and dangerous environment for the Plaintiff.
20. Pursuant to applicable law the Defendants' complicity and denial of genocidal acts against the Plaintiff's ancestors is a recognized act of genocide.
21. Pursuant to applicable law the Defendants are required to accommodate the free exercise of inherent rights of the Plaintiff even if his practices conflict with state and federal regulation unless Defendants can show that their interest in regulating the Plaintiff are more compelling and that there is no less intrusive way to achieve the interest.
22. Pursuant to applicable federal law the Defendants are required to provide adequate support for the economic and educational growth and development of the Plaintiff for the revitalization of his ancestral community.
23. Pursuant to international law the Defendants cannot invoke the right of necessity or sovereign immunity when responding to the Plaintiffs ancestral and inherent rights.
24. Pursuant to applicable law the Defendants have not met its burden of proof in denying the Plaintiffs claims.
25. The Plaintiff claims superior title to the land and property based on immemorial possession, usufruct rights, and Defendants' breach of fiduciary duty. Denying these rights creates inequity, as Defendants' actions directly contradict their obligation to protect Plaintiffs' right to self-determination and autonomy.

### Count One - Declaratory and Injunctive Relief

a. Defendants waive sovereign immunity based on alleged § 1983 claims and breach of trust.
b. The Plaintiff asserts the right to self-determination within their ancestral territory.

c. Article VI, clause 2 of the Constitution establishes federal law as supreme. Thus, federal mandates regarding the recognition of original people's entitlement and possessory rights supersede any limitations imposed by state legislation.
d. Pursuant to the Supremacy Clause, federal mandates enforcing the rights of the Plaintiff constitute federal law.
e. Under the Supremacy Clause, absent prohibition, recognition of Plaintiff is compelled to comply with federal mandates.
f. Under the Supremacy Clause, absent prohibition, Defendants must authorize recognition of Plaintiff to comply with the State's federal obligations, including participation in programs requiring state funding.
g. Under state law, absent prohibition, Defendants lack authority to deny recognition of Plaintiffs community lawful right to exist as a theocratic self governing entity.
h. Plaintiff asserts a right to self-determination and self-governance under the Supremacy Clause and the American Declaration on the Rights of Indigenous Peoples.
i. To avoid further international violations, mental and financial damages, the Defendants are hereby called upon to formally recognize the right of the Plaintiff to self-determination and recognition as a Free and Independent Nation State, effective no later than June 15th, 2025
j. The Plaintiff has clearly ascertainable rights in need of protection.
k. The Plaintiff has a likelihood of success on the merits of their claims.
l. The Plaintiff has no adequate remedy at law in the absence of an emergency injunction.
m. The Plaintiff will suffer irreparable mental and financial harm in the absence of an emergency injunction.
n. The balance of the equities weighs in favor of the Plaintiff.

### Count Two - Punitive and Injunctive Relief

a. The Defendants, leveraging their sovereign status, conspired with past actors to unlawfully dispossess the Plaintiffs' ancestors of their hereditary lands, properties, and artifacts in furtherance of European colonization in the Americas. This dispossession continues today to the detriment of the Plaintiff and his family..
b. Through state-sponsored religious persecution, Defendants historically profited from the subjugation of Plaintiffs' ancestors. This pattern of discrimination continues to this day, targeting Plaintiffs and his family.
c. Defendants breached their fiduciary duties to Plaintiffs' ancestors, the Plaintiff and his family. This breach began during the formation of the United States and its states and continues to this day.
d. From the 15th to the 19th century, Defendants participated in and perpetuated state-sanctioned religious persecution against Plaintiffs' ancestors. This persecution involved forced conversion, expulsion, or extermination with genocidal intent. These actions continue to harm the Plaintiff and family.
e. The Defendants aided and abetted the weaponization of anti-Semitic propaganda to facilitate state-sanctioned dispossession of the Plaintiffs' ancestral lands, properties, and resources. These practices continue to be directed against the Plaintiffs and his family.
f. The Defendants are alleged to have intentionally denied the Plaintiff and family their right to nationality through arbitrary misclassification based on anti-semitic racial slurs and ethnic stereotypes.
g. The Defendants' conduct constitutes a grave breach of international law and the crime of genocide against the Plaintiff, his ancestors, and his family.
h. The Defendant remains unresponsive despite the Defendants' efforts to resolve this matter outside of court. This silence constitutes a default, permitting further legal action.
i. Plaintiff asserts a cognizable claim for trespass against Defendants upon 2.3 billion acres of ancestral lands, dating back to the 14th century under principles of the law of nations, international law, and equity.
j. The Plaintiff and his family have been subjected to ongoing discriminatory practices, including anti-Semitic rhetoric, resulting in significant mental and financial harm, along with a deprivation of their rights under the color of law.

### Relief Sought

1. In light of the foregoing facts and allegations, Plaintiff respectfully requests that this Court:
a. Issue a court-ordered public apology by Defendants for historical human rights violations suffered by Plaintiff's ancestors, including genocide, enslavement, and land dispossession.

b. The Defendants will recognize the Plaintiff as the head of Sultanate of Amexem, a theocratic self governing entity and establish a government-to-government relationship designating certain lands as their autonomous territory and possession.
c. Enter a' declaratory judgment in favor of Plaintiff recognizing his right to self-determination and the Sultanate of Amexem's status as an autonomous nation-state within the Americas.
d. Declaratory judgment in favor of the Plaintiff recognizing his entitlement and possessory rights and indigeneity of the territory incorporated by "United States Corporation Company," encompassing approximately 2.3 billion acres of the Plaintiffs' ancestral property.
e. An order compelling Defendants to return all lands, property, artifacts unlawfully looted from the Plaintiff ancestors and all profits accrued during their unlawful possession to Plaintiff for cultural revitalization and preservation.
f. An order compelling Defendants to recognize, respect, and to provide reasonable accommodation for Plaintiff's religious practices, as defined by applicable law.
g. An order compelling Defendants to provide essential services for housing, financial, and educational resources to ensure Plaintiff's ancestral communities continued growth and development, subject to compliance with all applicable laws of equity.
h. An order compelling Defendants to acknowledge and respect Plaintiff's right to security and freedom from foreign interference, consistent with international law.
i. An injunction ordering Defendants, their agents, and assigns to recognize Plaintiffs' entitlement and possessory rights and indigeneity and to refrain from all actions that would interfere with Plaintiffs' rights of possession and enjoyment of the aforementioned ancestral property.
j. A permanent injunction prohibiting the Defendants from using false, misleading, discriminatory, or anti-Semitic language such as negro, black, colored, people of color, Indian, African American etc to identify the Plaintiff and his family.
k. A permanent injunction prohibiting the Defendants from committing further human rights violations, seizures, and discriminatory acts against the Plaintiff and his family.
l. An order sealing all records and proceedings related to this matter be sealed and maintained as confidential to protect the legitimate interests of all parties and to ensure domestic and foreign security in the pursuit of a fair and impartial resolution.
m. Monetary judgment in favor of Plaintiff in the amount of Fifty Billion United States Dollars (USD $50,000,000,000), upon satisfaction of which, Plaintiff agrees to dismissal of all claims with prejudice.

**ENTERED:**

Dated: _____

_____
Judge,                                        Judge's No.

**VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.